STATE OF MICHIGAN
COURT OF APPEALS

*In re* Estate of GERALD R. MAHONEY TRUST &
NANCY W. MAHONEY TRUST.

KIM JONES,

        Appellant,

v

KEITH MAHONEY and NANCY W.
MAHONEY as Co-Trustees of the Nancy W.
Mahoney Trust,

        Appellee.

UNPUBLISHED
August 20, 2015

No. 320074
Charlevoix Probate Court
LC No. 11-011713-TV

Before: GLEICHER, P.J., and K. F. KELLY and SERVITTO, JJ.

K. F. KELLY, J. (*concurring in part and dissenting in part*).

I agree with the majority in all respects except for its conclusion that Kim raised a colorable claim that she had probable cause to challenge the amendments due to undue influence.

Even assuming that Keith and Nancy shared a fiduciary relationship, I would nevertheless conclude that there was no justification for Kim to assert a claim of undue influence. There is no indication that Keith benefited from the amendments. Kim maintains that Keith benefited because "[i]nstead of being a successor co-trustee of his mother's Trust with his sisters pursuant to the terms of the First Amendment to Nancy's Trust, he became the co-trustee of Nancy's Trust with Nancy and sole successor trustee, allowing him much more freedom in administering the Trust," including having "total control of the distribution process." However, appointment of a fiduciary as executor of the will, or as a trustee of a limited testamentary trust, would not alone establish the kind of benefit necessary to raise a presumption of undue influence. *In re Gerald L Pollack Trust*, 309 Mich App 125; ____ NW2d ____ (Docket Nos. 309796, 318883, 310844, 310846, issued January 29, 2015), slip op p 14; *In re Vollbrecht Estate*, 26 Mich App 430, 436; 182 NW2d 609 (1970). Therefore Kim's claim of this benefit is insufficient to trigger the presumption.

Nor did Keith "benefit" because he could now have his pick of the lakefront lots. The trial court properly concluded that the values of the parcels were to be equalized. From a strictly

-1-

financial standpoint, any monetary difference in the value of the lots was to be equalized so that no sibling would benefit more than the others.

Nor was there support for Kim's contention that Keith influenced Nancy to act against her inclination and free will. Keith had multiple conversations with Nancy about her estate plans but Kim was well aware that Nancy had retained an attorney. As the trial court pointed out, "Keith's role was ministerial in nature, his involvement was requested by Nancy, and Mr. Shotwell directed his substantive communications with Nancy . . ." Kim complains that this was using the benefit of hindsight, but I believe that Kim's claims of undue influence were specious, at best. I agree with the trial court's ultimate conclusion:

> Underpinning Kim's suit was her disappointment that her wishes were not fulfilled. Given the fact that Nancy adopted a plan for the Lake property consistent with prior generations and a plan that did not disadvantage Kim this suit can only be seen as Kim wanting to get her way. This is particularly true given the standards for testamentary capacity. The desire to discourage suits of this type is the genesis of the in terrorem clause and requires its enforcement in this case.

I would affirm the judgment in its entirety.

/s/ Kirsten Frank Kelly